IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                          06-CR-759 MCA

ISAAC GORDO,

      Defendant.

**ORDER**

THIS MATTER having come before the Court on the stipulation and agreement of the parties to allow the disclosure and/or discovery and inspection by the parties of certain medical records that may be material to matters raised at the trial of this case and in Defendant's motion for a new trial and which may or may not otherwise be protected by any rules, regulations, or laws of confidentiality and privacy governing disclosure of otherwise confidential information relating to Lydia Henderson and David Keetso, and the Court being advised that such production is necessary to the resolution of matters raised in Defendant's Motion for New trial, and that disclosure of such information may or will implicate the confidentiality and privacy rights of David Keetso and Lydia Henderson; the Court ORDERS that:

      1.      Indian Health Services is directed to produce within fourteen (14) days of the entry of this Order, all medical records and billing records including without limitation: medical reports, clinical notes, nurses notes, history of injury, subjective and objective complaints, x-rays, x-ray reports or interpretations, SANE examination or other rape examination notes and findings, other diagnostic tests (including a copy of the report), diagnosis and prognosis; if applicable, emergency room records or logs, history and physical examination report, laboratory reports, reports of

operation, operation logs, progress notes, doctors' orders, physical therapy records, admission and discharge summaries, and all out-patient records; and any other documents, records, or information in possession of Indian Health Services or any of its clinics, records custodians, and/or other agencies and employees, relative to Dave Keetso and Lydia Henderson's physical conditions from December 1, 2004 through December 31, 2005.

2. To protect Dave Keetso's and Lydia Henderson's rights of privacy, the confidential medical records shall be disclosed only to the attorneys for named parties in this action (including their employees), and outside expert witnesses and consultants employed by the parties or their attorneys for this action. All such persons shall use such Confidential Material solely in the preparation for or at the evidentiary hearing on Defendant's motion for a new trial and for no other purpose. Nothing contained in this Order, and no action taken pursuant to this Order, shall prejudice the right of any party to contest the admissibility of the medical records obtained pursuant to this Order. In the event that any Confidential Material is included with, or the contents thereof are in any way disclosed in, any pleading, motion, or other papers filed with the Clerk of this Court, such Confidential Material shall be filed under seal; provided, however, that in such cases, all such papers shall be furnished to the Court and attorneys for the parties, and a duplicate copy thereof with the confidential material deleted therefrom, may be placed in the public record.

IT IS SO ORDERED this 24th day of May, 2010.

_____
THE HONORABLE M. CHRISTINA ARMIJO
UNITED STATES DISTRICT COURT JUDGE

Submitted and Approved By:
/s/ Kirtan Khalsa

Kirtan Khalsa
Attorney for Defendant

Telephonically Approved 5/21/10
Kyle Nayback
Assistant United States Attorney